```
             UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF VIRGINIA
                     Norfolk Division
```

JTH TAX, LLC, et al.,

        Plaintiffs,

v.                                              CIVIL NO. 2:20cv217

BABLU SHAHABUDDIN,

        Defendant.

<u>**MEMORANDUM ORDER**</u>

This matter comes before the court on Defendant Bablu Shahabuddin's Motion to Enjoin State Court Proceedings ("Motion") and Memorandum in Support, filed on August 17, 2020. ECF Nos. 56-57. Plaintiff JTH Tax, LLC d/b/a Liberty Tax Services ("Liberty") and SiempreTax+, LLC ("Siempre") ("the Plaintiffs") filed a Memorandum in Opposition on August 31, 2020. ECF No. 58. The Defendant filed a Reply on September 8, 2020. ECF No. 59. The Motion has been fully briefed and is ripe for decision.

### I. Procedural History

On March 17, 2020, the Plaintiffs filed a Complaint against Shahabuddin and other Defendants, who have since been dismissed, in the Southern District of New York. ECF No. 1. On March 23, 2020, the Plaintiffs filed the First Amended Complaint ("FAC") against Shahabuddin and the same defendants, ECF No. 4, and a Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 11. The FAC asserts claims against Shahabuddin for Breach of

Contract (Counts One and Two), Breach of Implied Covenant of Good Faith and Fair Dealing (Count Three), Unjust Enrichment (Count Four), and requests a preliminary injunction (Count Five). Each count in the FAC concerns Shahabuddin's alleged failure to transfer to the Plaintiffs leases of certain properties in New York and Shahabuddin's allegedly fraudulent transfer of those leases to entities he controls.

On April 29, 2020, the Southern District of New York transferred the case to this court. ECF No. 35. The same day, the Plaintiffs filed a new Motion for Temporary Restraining Order and Preliminary Injunction. ECF No. 37. On August 7, 2020, the court issued a Memorandum Order that, among other things, denied the Plaintiffs' request for preliminary injunctive relief, concluding that "the Plaintiffs have not demonstrated that they will suffer irreparable harm absent an injunction." Id. at 14.

On August 17, 2020, Shahabuddin filed the instant Motion to Enjoin State Court Proceedings and Memorandum in Support. ECF Nos. 56-57. In the Motion, Shahabuddin asserts that, while the Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction was pending before this court, the Plaintiffs filed, in the Supreme Court of the State of New York, a complaint and a motion for a preliminary injunction against Shahabuddin and other defendants ("New York action"). ECF No. 57 at 2. Shahabuddin attached to his Memorandum in Support a copy of the Verified

2

Complaint filed by the Defendants in state court. ECF No. 57-1. Shahabuddin asks the court to issue an Order enjoining the state court from entering a temporary restraining order or a preliminary injunction in the New York action.

## II. Legal Standard

The Anti-Injunction Act, 28 U.S.C. § 2283, provides,

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

The purpose of this statute is to allow state courts to "remain free from interference by federal courts." Atl. Coast Line Rail Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 282 (1970) (hereinafter "Atl. Coast"). Thus, the statute's prohibition is subject to "three specifically delineated exceptions," id. at 286, that "are narrow and are not [to] be enlarged by loose statutory construction," Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 146 (1988).

At issue here is the so-called relitigation exception, which authorizes the court to issue "an injunction to prevent state litigation of a claim or issue that was previously presented to and decided by the federal court." Smith v. Bayer Corp., 564 U.S. 299, 306 (2011) (quotation marks omitted). The relitigation exception "is designed to implement 'well-recognized concepts' of

3

claim and issue preclusion."[1] Smith, 564 U.S. at 306 (quoting Chick Kam Choo, 486 U.S. at 147); see Nationwide Mut. Ins. Co. v. Burke, 897 F.2d 734, 737 (4th Cir. 1990) ("The relitigation exception applies, not only when the federal judgment is claim preclusive but also when collateral estoppel or issue preclusion applies.").

Although the relitigation exception applies when the formal requirements of issue preclusion are met, "the mere fact that the case falls within one of § 2283's exceptions does not 'qualify in any way the principles of equity, comity, and federalism that must restrain a federal court when asked to enjoin a state court proceeding.'" Ramsden v. AgriBank, FCB, 214 F.3d 865, 869 (7th Cir. 2000) (quoting Mitchum v. Foster, 407 U.S. 225, 243 (1972)); see Chick Kam Choo, 486 U.S. at 151 ("[T]he fact that an injunction *may* issue under the Anti-Injunction Act does not mean that it *must* issue."); United States v. Purdue Frederick Co., 963 F. Supp. 2d 561, 577-79 (W.D. Va. 2013). Thus, "courts have generally required that a party seeking a federal injunction of a state proceeding demonstrate that the injunction is necessary to prevent

---

[1] Issue preclusion applies where the proponent demonstrates "that (1) the issue or fact is identical to the one previously litigated; (2) the issue or fact was actually resolved in the prior proceeding; (3) the issue or fact was critical and necessary to the judgment in the prior proceeding; (4) the judgment in the prior proceeding is final and valid; and (5) the party to be foreclosed by the prior resolution of the issue or fact had a full and fair opportunity to litigate the issue or fact in the prior proceeding." In re Microsoft Corp. Antitrust Litig., 355 F.3d 322, 326 (4th Cir. 2004).

irreparable injury and that no adequate remedy is available at law." Purdue Frederick Co., 963 F. Supp. 2d at 577; see also 17A Wright, Miller, Cooper & Amar, Federal Practice and Procedure § 4226 n.29 (3d ed. 2007) (citing cases).

### III. Legal Analysis

In the instant matter, it is unnecessary for the court to determine whether the Plaintiffs are collaterally estopped from seeking a preliminary injunction in the New York action. Instead, for the reasons that follow, "principles of equity, comity, and federalism" lead the court to conclude that it should not enjoin the state court proceedings. Mitchum, 407 U.S. at 243.

To demonstrate that an injunction should issue pursuant to the relitigation exception, Shahabuddin bears the burden of showing that he is entitled to equitable relief. See Ramsden, 214 F.3d at 869. The court is not satisfied, however, that Shahabuddin will suffer irreparable harm if the court declines to enjoin the state court proceeding or that Shahabuddin lacks an adequate remedy in the New York action. For one, Shahabuddin is free to assert his claim of issue preclusion in state court. See Restatement (Second) of Judgments § 13 (Am. L. Inst. 1982) (stating that, for issue preclusion, "'final judgment' includes any prior adjudication of an issue in another action that is determined to be sufficiently firm to be accorded conclusive effect"). Indeed, "a court does not usually 'get to dictate to other courts the

5

preclusion consequences of its own judgment.'" Smith, 564 U.S. at 307 (quoting 18 Wright, Miller & Cooper, Federal Practice and Procedure § 4405 (2d ed. 2002)).

There is no reason to deviate from this established principle in the present matter. Although Shahabuddin represents that the New York state court has scheduled a show cause hearing on the Plaintiffs' motion for a preliminary injunction, see ECF No. 59 at 6-7, this does not mean that he is foreclosed from presenting evidence pertaining to a preclusion defense at that hearing. Therefore, the court is not persuaded that it should usurp the state court's role in deciding whether the Plaintiffs are collaterally estopped from seeking a preliminary injunction. Cf. Kerr-McGee Chemical Corp. v. Hartigan, 816 F.2d 1177, 1182 (7th Cir. 1987) (holding that the district court did not abuse its discretion in denying a motion under § 2283 where the moving party could "raise the preemption issue as a defense in the pending state court suit").

Moreover, the New York court's decision on the Plaintiffs' request for a preliminary injunction will not "so interfer[e] with [this court's] consideration or disposition of [the] case as to *seriously impair the federal court's flexibility and authority to decide the case.*" Atl. Coast, 398 U.S. at 295 (emphasis added). Although the state court could conceivably reach a different result from the one reached by this court on the issue of whether the

6

Plaintiffs are entitled to a preliminary injunction, such a decision would not impair the court's ability to decide the remaining issues in this case going forward. This is not, for example, a case in which the federal court *granted* a preliminary injunction and a state court subsequently issued an order that conflicted with the federal court's injunction. Cf. Nat'l Basketball Ass'n v. Minn. Pro. Basketball, Ltd. P'ship, 56 F.3d 866, 871-72 (8th Cir. 1995); Henry v. First Nat'l Bank of Clarksdale, 595 F.2d 291, 306-07 (5th Cir. 1979). In such cases, the federal court is justified in enjoining state court proceedings that "effectively nullified the effect of the federal judgment." Nat'l Basketball Ass'n, 56 F.3d at 872; see Henry, 595 F.2d at 306-07.

In contrast, there is no risk here that the state court decision would, for example, expose Shahabuddin to inconsistent obligations, see Hartigan, 826 F.2d at 1182, or permit or require Shahabuddin to do something that this court has forbidden, see Nat'l Basketball Ass'n, 56 F.3d at 872. Although the court is sympathetic to the fact that Shahabuddin may be forced to litigate the issue of a preliminary injunction in two different courts, that fact alone does not give rise to the rare set of circumstances that warrant a federal court's intervention in state court proceedings. See Renegotiation Bd. V. Bannercraft Clothing Co.,

7

415 U.S. 1, 24 (1974) ("Mere litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury.").

### IV. Conclusion

For the reasons stated herein, Shahabuddin's Motion to Enjoin State Court Proceedings, ECF No. 56, is **DENIED**. The Clerk is **DIRECTED** to send a copy of this Memorandum Order to counsel of record for the parties in this case.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

September 29, 2020

8