UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JTH TAX, LLC, et al.,

        Plaintiffs,

v.                                      CIVIL NO. 2:20cv217

BABLU SHAHABUDDIN,

        Defendant.

## MEMORANDUM ORDER

On September 16, 2020, JTH Tax, LLC d/b/a Liberty Tax Services and SiempreTax+, LLC ("the Plaintiffs") filed a Motion for Reconsideration ("Motion") of the court's Order dated August 7, 2020, denying the Plaintiffs' request for a preliminary injunction. ECF Nos. 60-61. Plaintiff Bablu Shahabuddin filed a Memorandum in Opposition on September 29, 2020. ECF No. 63. The Plaintiffs filed their reply on October 5, 2020. ECF No. 66. The Motion has been fully briefed and is ripe for decision.

### I. Procedural History

On March 17, 2020, the Plaintiffs filed a Complaint against Shahabuddin and other Defendants, who have since been dismissed, in the Southern District of New York. ECF No. 1. On March 23, 2020, the Plaintiffs filed the First Amended Complaint against Shahabuddin and the same defendants, ECF No. 4, and a Motion for Temporary Restraining Order and Preliminary Injunction, ECF No. 11.

On April 29, 2020, the Southern District of New York transferred the case to this court. ECF No. 35. The same day, the Plaintiffs filed a new Motion for Temporary Restraining Order and Preliminary Injunction. ECF No. 37. On August 7, 2020, the court issued a Memorandum Order denying the Plaintiffs' request for preliminary injunctive relief, concluding that "the Plaintiffs have not demonstrated that they will suffer irreparable harm absent an injunction." ECF No. 62 at 14. The Plaintiffs filed the instant Motion for Reconsideration on September 16, 2020. ECF No 60-61.

## II. Legal Analysis

The court may revise an interlocutory order "at any time before the entry of a judgment adjudicating all claims." Fed. R. Civ. P. 54(b). Courts generally do not depart from a prior interlocutory ruling unless "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003). "Moreover, the court should not reevaluate the basis upon which it made a prior ruling, if the moving party merely seeks to reargue a previous claim." Evans v. Trinity Indus., Inc., 148 F. Supp. 3d 542, 544 (E.D. Va. 2015) (Smith, C.J.) (quotation marks omitted).

As a basis for the Motion, the Plaintiffs assert that the court erred in concluding that the Plaintiffs had not shown that they will suffer irreparable harm absent an injunction. ECF No. 61 at 5-10. However, the issue of irreparable harm was briefed by the parties and addressed by the court in its Order denying the Plaintiffs' request for preliminary injunctive relief. See ECF Nos. 38 at 5-7, 45 at 5, 11-12, 47 at 9-11, 55 at 13-15. Thus, the Plaintiffs "do not suggest that the court has made an error of 'apprehension,' but instead, simply flesh out the same arguments they put forth in their earlier briefing." Evans, 148 F. Supp. 3d at 546. "This is not a valid basis to grant a motion to reconsider pursuant to Rule 54(b)." Id.

### III. Conclusion

For the reasons stated herein, the Plaintiffs' Motion for Reconsideration, ECF No. 60, is **DENIED**. The Clerk is **DIRECTED** to send a copy of this Memorandum Order to counsel of record for the parties in this case.

**IT IS SO ORDERED.**

/s/ Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

October 27, 2020